# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDRE DESHAWN COOLEY,<br><br>　　Plaintiff,<br><br>v.<br><br>(1) TOWN OF KIOWA OKLAHOMA,<br>(2) BRIAN BAILEY,<br>(3) KIOWA CHIEF OF POLICE, and<br>(4) KIOWA POLICE DEPARTMENT<br><br>　　Defendants. | Case No. CIV-16-520-RAW |

## ORDER & OPINION

Plaintiff filed this action on November 28, 2016 in the Northern District of Oklahoma. The action was transferred to this court on November 29, 2016. The deadline for filing Answers or other responsive pleadings was January 23, 2017. On January 24, 2017, Defendants filed a motion to file their Answers or other responsive pleadings out-of-time. The court granted the motion. Now before the court are Plaintiff's motion for default judgment [Docket No. 22] and Defendants' motion to dismiss [Docket No. 24].

Plaintiff moves for default judgment based solely on Defendants' failure to file their Answers or other responsive pleadings by the original deadline. As noted above, the court permitted their filing out-of-time. It will not now grant default judgment because of that late filing. Courts have a "strong predisposition to resolve cases on their merits," and Plaintiff suffered only negligible prejudice, if any, from the brief delay. See Miller v. Dept. of the Treasury, 934 F.2d 1161 (10th Cir. 1991). For these and the reasons stated in Defendant's response to the motion, the motion for default judgment is DENIED.

Defendants move for dismissal, arguing first that this court lacks subject matter jurisdiction. Defendants are correct that this court lacks jurisdiction. In his Complaint and Request for Injunction, Plaintiff states this court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332 and requests the following relief: "require the defendant reinstate plaintiff's license and dismiss additional charges against plaintiff, damages and an order requiring the defendant reinstate plaintiff's license to drive and award any and all other relief this court deems proper." He requests the court stay proceedings in the District Court of Pittsburg County, Oklahoma and informs the court he has filed an interlocutory appeal in that case.

This action is barred by Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). The Rooker-Feldman doctrine is very narrow, but recognizes that federal district courts are not authorized to exercise appellate judgment over state-court judgments. Rooker-Feldman bars suit when a plaintiff requests that a federal court undo a state-court judgment in his favor. Plaintiff is simply requesting that this court undo the state-court judgment in his favor. As Defendants argue, "it is well established that the federal district courts are not appellate courts for state court decisions and they have no jurisdiction to exercise appellate jurisdiction over the state court." American Benefit Life Ins. Co. v. United Founders Life Ins. Co., 515 F.Supp. 800, 803 (W.D. Okla. 1980). Moreover, the court notes that Plaintiff's claims here are also barred by the doctrines of claim preclusion and issue preclusion.

The court finds that amendment would be futile. Accordingly, Defendants' motion to dismiss [Docket No. 24] is hereby GRANTED.

**IT IS SO ORDERED** this 3rd day of March, 2017.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**